UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23310-ALTMAN

**ANA CLAYVILLE**, *et al.*,

    *Plaintiffs*,

v.

**MACK WELLS**, *et al.*,

    *Defendants.*

_____/

**<u>ORDER</u>**

This is a negligence suit that doesn't belong in federal court. Our Plaintiffs—Ana Clayville (on behalf of herself and the estate of her son, Cody Clayville) and Beau Clayville—first filed this wrongful-death action in Florida's Eleventh Judicial Circuit on March 20, 2023.[1] *See* Initial State-Court Complaint [State Docket Entry "D.E." No. 2]. After roughly one year of litigation, the Plaintiffs filed their (now operative) Amended State-Court Complaint [State D.E. No. 53] on July 16, 2024. *See also* July 18, 2024, Order Granting Motion for Leave and Deeming Plaintiffs' Second Amended Complaint as Filed with the Court [State D.E. No. 55]. Shortly thereafter, two individuals—Mack Wells and Maurice Symonette—who seem to be associated with one or more of the state-court Defendants but who are *not* state-court Defendants themselves, filed a Notice of Removal [ECF No. 1] here.[2] We don't know what to make of this stream-of-consciousness filing (which spans 29 typed pages), but we

---

[1] This is case number 2023-007767-CA-01, and the filings are publicly available at www2.miamidadeclerk.gov.

[2] Wells and Symonette did not even list the actual state-court Defendants—Boss Group Ministries, Inc.; Da Blaze Media Group, LLC; and U.S. Bank National Association—as parties on the Notice of Removal. *See* Notice of Removal at 1. And, unsurprisingly, none of the attorneys for the three state-court Defendants signed the Notice of Removal. *See id.* at 28. That none of the actual Defendants have joined in this supposed "removal" is reason enough for us to remand. *See Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008) ("The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective.).

do know that we don't have subject-matter jurisdiction over the underlying state action. Accordingly, we *sua sponte* **REMAND** this case to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County.

## THE LAW

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1995) (citations omitted). It is, in fact, the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

"Because removal is only permissible when [the] plaintiff's claim could have been filed in federal court originally, we must look to [the] plaintiff's claim to determine whether removal was appropriate." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "A defendant may not generally remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (emphasis in original) (quoting *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)). "There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim." *Bank of N.Y. v. Angley*, 559 F. App'x 956, 957 (11th Cir. 2014); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim—which appears as part of the defendant's answer, not as a part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question.").

"[A] district court can remand a removed case back to state court only if it determines that it lacks subject matter jurisdiction, or if a party moves to remand the case because of a defect in the removal process." *Ficus Villas Condo Assoc., Inc. v. Hardford Steam Boiler Inspection and Ins. Co.*, 832 F. App'x 695, 695 (11th Cir. 2020).

The Defendants are proceeding *pro se*. A "*pro se* [filing], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Still, while we treat *pro se* litigants with some leniency, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Schwarz v. Ga. Composite Med. Bd.*, 2021 WL 4519893, at *2 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## ANALYSIS

We lack subject-matter jurisdiction to hear this case. "There are two bases of federal court subject matter jurisdiction: One, diversity jurisdiction," and "[t]he other, federal question jurisdiction[.]" *Blankenship v. Claus*, 149 F. App'x 897, 898 (11th Cir. 2005). Federal-question jurisdiction—as provided for in 28 U.S.C. § 1331—doesn't exist here because this is a negligence action governed by Florida—not federal—law. *See Ct. State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1343 (11th Cir. 2009) ("As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996)); *see also* Amended State-Court Complaint ¶¶ 25–75 (asserting three causes of action—negligence against Boss Group Ministries, Inc. (Count I), negligence against Da Blaze Media Group, LLC (Count II), and negligence against U.S. Bank National Association "as trustee for residential asset securities corporation" (Count III)—and nowhere identifying any governing federal law). And we don't have diversity jurisdiction under 28 U.S.C. § 1332 because the Decedent and the Defendants Boss Group

3

Ministries and Da Blaze Media Group, LLC, all appear to have Florida citizenship. *See* Initial State-Court Complaint ¶ 11 (noting that, at "all times material to this action, the Decedent was a resident of Miami-Dade County, Florida); Amended State-Court Complaint ¶ 6 (noting that the Defendants Boss Group Ministries and Da Blaze Media Group, LLC are "Florida business entities"); *see also Moore v. N. A. Sports, Inc.*, 623 F.3d 1325, 1327 n.2 (11th Cir. 2010) ("Where an estate is a party, . . . the citizenship that counts for diversity purposes in that of the decedent."); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1266 (M.D. Fla. Feb. 26, 2009) (Presnell, J.) ("[I]n the context of determining diversity jurisdiction, federal courts have concluded that, under Florida law, only the personal representative of the decedent's estate may bring claims on behalf of the survivors and that the citizenship of the survivors is irrelevant in determining diversity."). And, because "[d]iversity jurisdiction requires complete diversity between named plaintiffs and defendants," *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005), we cannot exercise that jurisdiction here.

  Against all this, Symonette and Wells say only the following:

> Comes now Mack Wells and Minister Dr. Maurice Symonette with this Notice of Removal because U.S. Bank N.A. has been added to a lawsuit that Boss Group Ministries Maurice Symonette and Mack Wells are being sued in with U.S. Bank N.A. U.S Bank N.A. is a National Association Bank and the Federal Court Federal Reserve Act Sec. 25 B says National Association Banks cannot be sued in state court it must be done in Federal Court and Boss Group Ministry Inc. is a 501(c)(3) Federal Tax Exempt Corporation that is Federal and must be sued in Federal Court and this Case has the Civil Rights Act of 1964 and 42 U.S.C. 1983 discrimination which is all Federal.

Notice of Removal at 1–2. Three problems with this. *First*, Section 25(B) of the Federal Reserve Act—which has been codified at 12 U.S.C. § 632—doesn't apply here because this isn't a suit about foreign banking business or federal reserve banks. *Second*, that the Defendant, Boss Group Ministry, Inc., is a 501(c)(3) entity doesn't answer the separate question we face here—which is whether we have subject-matter jurisdiction to hear the case. *Third*, we see no mention of the Civil Rights Act of 1964 or 42 U.S.C. § 1983 anywhere in the Amended State-Court Complaint, and "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

\*\*\*

Accordingly, we hereby **ORDER AND ADJUDGE** that this case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. The Clerk of Court shall **CLOSE** this case. All hearings and deadlines are **TERMINATED**, and all other pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on August 29, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Ana Clayville, *pro se*
      Beau Clayville, *pro se*
      Mack Wells, *pro se*
      Maurice Symonette, *pro se*